IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANTHONY H. CRUZ.,

        Plaintiff,

v.                              CIVIL ACTION NO.  2:06-0235

MICHAEL J. ASTRUE,

        Defendant.

**ORDER**

The court referred this matter to the United State Magistrate Judge to consider the pleadings and evidence and to submit proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).  The court has received the Proposed Findings and Recommendation of the Magistrate Judge [Docket 14] on July 16, 2007.

On August 2, 2007, the defendant filed timely objections to the Magistrate Judge's findings and recommendation.

The court has reviewed *de novo* those portions of the Magistrate Judge's findings and recommendation to which the defendant objects and finds that the objections lack merit.  For the reasons set forth below, the court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge. For the reasons that follow, the court hereby **GRANTS** the plaintiff's motion for judgment on the pleadings, **DENIES** the defendant's motion for judgment on the pleadings, **ADOPTS** the Proposed Findings and Recommendations of the Magistrate Judge,

**REVERSES** the final decision of the Commissioner, and **REMANDS** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g).

## I.     Procedural History

The plaintiff applied for supplemental security income ("SSI") and disability insurance benefits ("DIB") on May 28, 2004, claiming disability dating back to June 2002. The plaintiff alleged disability due to right eye blindness, bipolar disorder and a slipped disc in his spine. (Tr. at 55, 80, 243-46.) The plaintiff's claim was denied after reconsideration.

The plaintiff then requested a hearing before an Administrative Law Judge ("ALJ") on May 6, 2005, and ALJ James P. Toschi held a hearing on October 18, 2005. The ALJ decided that the plaintiff was not entitled to benefits. (Tr. at 12-21.) It appears that the ALJ weighed the first two prongs of the sequential analysis under 20 C.F.R. § 404.1520 and found that the plaintiff was disabled under those definitions. Upon reviewing the "B" criteria, however, the ALJ determined that the plaintiff suffered only mild restrictions in activities of daily living, social functioning and concentrations, persistence and pace, and therefore rejected the plaintiff's claim for benefits.

The Appeals Council denied the plaintiff's request for review, and the ALJ's ruling became the final decision of the Commissioner on January 27, 2006. (Tr. at 4-7.) The plaintiff brought this action seeking judicial review of the ALJ's decision pursuant to 42 U.S.C. § 405(g).

## II.    Standard of Review

The Social Security Act states that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g) (2006). The Supreme Court has defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401

(1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Further, "[i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

In reviewing the case for substantial evidence, the court does not re-weigh conflicting evidence, make determinations as to credibility, or substitute its own judgment for that of the Commissioner. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, the court must adopt the Commissioner's findings if there is evidence in support of such findings "to justify a refusal to direct a verdict were the case before a jury." *Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [Commissioner] (or the [Commissioner's] designate, the ALJ)." *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). Thus, even if the court would have reached a different decision, it must nonetheless defer to the conclusions of the A.L.J. if such conclusions are bolstered by substantial evidence and were reached through a correct application of relevant law. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).

**III. Analysis**

The Commissioner objects to the Magistrate Judge's recommendation that this court reverse and remand the decision of the ALJ. In support of its argument, the Commissioner asserts that the ALJ's decision that the plaintiff was not disabled was supported by substantial evidence. The Commissioner directs the court to portions of the record that he alleges provide substantial evidence to support the ALJ's decision to deny benefits. (Comm'rs Obj. [Docket 15] 3) The Commissioner's post hoc rationalization of the ALJ's decision does not, however, convince me that the portions of the record they highlight are the portions on which the ALJ relied. While we likely know what the

3

ALJ decided (*i.e.*, that the plaintiff failed to satisfy the "B" criteria), we do not know that the ALJ relied on the evidence the Commissioner has found in its review of the record. Likewise, we do not know why the ALJ rejected the value of certain treating physicians.

For example, the Commissioner argues that the plaintiff conceded that he "shopped; cooked; did laundry; used public transportation; performed chores; went on doctors' appointments; had no problem caring for his personal needs; performed janitorial work on hour each day; and was able to count change, use a checkbook, and pay bills." (Citing Tr. 15, 91-94, 135, 147, 161, 164, 268-70) These activities, according to the Commissioner, provide substantial evidence that the plaintiff had "mild" restrictions in daily activities, the first question under the "B" criteria. These examples could aid in assessing whether the plaintiff's condition fails or satisfies the "daily activities" prong, but the ALJ has not indicated why those factors outweigh the opinion of treating medical providers.

On the second question, the Commissioner argues that the plaintiff had sufficient social functioning, as indicated by his girlfriend, his playing basketball, and his attendance at an alcohol recovery program. The Commissioner contends that the ALJ's decision on the third question related to concentration, persistence, or pace, was supported by the plaintiffs ability to listen to the radio, watch television and follow story lines. (Comm'rs Obj. 4) Once again, while those factors may aid in determining whether the plaintiff satisfies those elements, they do not explain what weight the ALJ ascribed to the plaintiff's treating physicians.

While "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence," *Consolo v. Fed. Maritime Comm'n*, 383 U.S. 607, 620 (1966), here, the ALJ has not indicated which evidence he relied on in denying the plaintiff's benefits under the "B" criteria, and why the little

4

explanation he gave outweighs the opinions offered by treating medical staff. The ALJ rejected the opinion of every treating or examining mental care provider save one, and provided little or no explanation of why those opinions are not entitled more weight than non-examiners. *See* 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1); *see also Martin v. Sec'y of Health, Education and Welfare*, 492 F.2d 905, 908 (4th Cir. 1974) ("[A] non-examining physician's opinion cannot by itself, seve as substantial evidence supporting a denial of disability benefits when it is contradicted by all of the other evidence in the record.").

Without a further explanation of why the ALJ rejects the opinions of treating and examining sources, I cannot determine whether his conclusions are supported by substantial evidence. On this record, I therefore am unable to determine that the ALJ's decision is supported by substantial evidence.

## IV.   Conclusion

The court hereby **GRANTS** the plaintiff's motion for judgment on the pleadings, **DENIES** the defendant's motion for judgment on the pleadings, **ADOPTS** the Proposed Findings and Recommendations of the Magistrate Judge, **REVERSES** the final decision of the Commissioner, and **REMANDS** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). I further **DIRECT** the clerk to **DISMISS** this matter from the court's docket.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 6, 2007

Joseph R. Goodwin, Chief Judge